

Valerue G. Pennacchio
Phone: (973) 286-6717
Fax: (973) 286-6800
Valerie.pennacchio@saul.com
www.saul.com

April 13, 2020

*Via ECF*
Hon. John G. Koeltl
U.S. District Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    **Traxys North America LLC *v. Metal Partners Rebar, LLC, BGD LV Holding, LLC, Intermetal Rebar, L.L.C., Jose Carrero, JP Morgan Chase, N.A., and ADR Rebar, LLC* (1:20-cv-02766)**

            **Request for Pre-Motion Conference: Motion to Dismiss and Compel Arbitration of Plaintiff's Complaint**

Dear Judge Koeltl:

    This firm represents Defendants BGD LV Holdings, LLC d/b/a Metal Partners International and Metal Partners Rebar LLC (collectively referred to as "Defendants") in the above-referenced matter. In accordance with Section 2(b) of Your Honor's Individual Rules, these Defendants submit this letter to respectfully request a Pre-Motion Conference regarding their anticipated Motion to Dismiss and Compel Arbitration of Plaintiff's Complaint.[1]

### 1.    Diversity Jurisdiction

    On April 9, 2020, Plaintiff filed a Complaint against the following Defendants: Traxys North America LLC v. Metal Partners Rebar, LLC, BGD LV Holding, LLC, Intermetal Rebar, L.L.C., Jose Carrero, JP Morgan Chase, N.A., and ADR Rebar, LLC.[2] Plaintiff alleges jurisdiction pursuant to 28 U.S.C. 1332, "as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs." (Complaint ¶ 2).

---

[1] This matter is currently scheduled for a telephonic conference today, April 13, 2020, at 2:30 p.m. with respect to Plaintiff's Motion seeking an Order to Show Cause for Preliminary Injunction with Temporary Restraining Order. These Defendants respectfully submit that the issues presented herein must be addressed and resolved prior to the Court's consideration of Plaintiff's requested relief.

[2] It should be noted that these Defendants have not been properly served with summons to date.

Centre Square West ♦ 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

36834781.2 04/13/2020

However, despite that five of the seven parties to this action are limited liability companies, Plaintiff has failed to allege the citizenship of each and every member of those entities. In order to establish complete diversity under 28 U.S.C. 1332, the Plaintiff is required to allege complete diversity with each and every member of a limited liability company as the citizenship of an LLC is determined by the citizenship of each of its members. See, e.g., *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citation omitted). Plaintiff's failure to do so here is fatal to its assertion of diversity jurisdiction, and the absence of which prevents this matter from being properly before this Court.

Even if diversity jurisdiction were properly alleged, Plaintiff's claims here should nonetheless be dismissed. Plaintiff alleges claims arising out of several written agreements, including that certain Joint Venture Agreement entered into by Plaintiff and these Defendants effective March 1, 2018. (See Complaint).[3] A copy of the Joint Venture Agreement will be submitted under seal as Exhibit A upon approval of the Court. It is undisputed that this Agreement includes a broad agreement to arbitrate disputes arising from it.

**2.     Mandatory Arbitration Agreement**

Despite alleging a breach of the Joint Venture Agreement and seeking relief thereunder, Plaintiff ignores the fact that this same Agreement includes a clause requiring arbitration. Plaintiff knowingly and voluntarily entered into a binding agreement to arbitrate any dispute between the Parties regarding, relating to or arising out of this Agreement when it signed the Joint Venture Agreement. (*See* Exhibit A to be submitted under seal).

Pursuant to the Federal Arbitration Act ("FAA") Plaintiff is required to arbitrate its claims against these Defendants. The FAA, which applies to written arbitration provisions contained in any contract evidencing a transaction involving commerce, establishes a liberal national policy favoring arbitration, which is binding on all courts. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); 9 U.S.C. § 2.

In determining whether the parties have submitted their dispute to arbitration, courts in the Second Circuit generally follow a two-part test, whereby they consider "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). To determine whether a party has agreed to submit certain issues to arbitration, courts "should apply ordinary state-law principles that govern the formation of contracts." *T.Co Metals, LLC. v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 344

---

[3] Indeed, the purported lack of control over the business of the Joint Venture is the crux of Plaintiff's alleged irreparable harm purporting to support its tenuous Motion seeking an Order to Show Cause for Preliminary Injunction with Temporary Restraining Order.

Hon. John G. Koeltl
U.S. District Judge
April 13, 2020
Page 3

(2d Cir. 2010) (citation omitted). Under New York law, a person "who signs or accepts a written contract is conclusively presumed to know its contents and to assent to them[.]" *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (citation omitted).

Here, the arbitration agreement is enforceable. Plaintiff entered into the agreement knowingly and voluntarily, and it is undisputed that it assented to submit to arbitration any claim that may relate to or arise out of this Agreement. (*See* Exhibit A to be submitted under seal).[4] Plaintiff's claims unquestionably fall within the scope of the agreement to arbitrate, as Plaintiff's claims relate to and arise from the Joint Venture Agreement.

Accordingly, even if Plaintiff could properly demonstrate complete diversity of the Parties (which the current pleading fails to allege) and the matter was properly before this Court, Plaintiff must submit its claims against these Defendants to binding arbitration.

Defendants respectfully request the Court allow the Parties to address the foregoing issues at the Telephonic Conference currently scheduled with Your Honor today, April 13, 2020, at 2:30 p.m.

Respectfully submitted,

*/s/ Valerie G. Pennacchio*

Valerie Pennacchio

Enclosure
cc:     All Counsel of Record (*via* ECF)
        Michael L. Gesas (Saul Ewing Arnstein & Lehr LLP)(*Pro Hac Vice* forthcoming)
        Christopher S. Naveja (Saul Ewing Arnstein & Lehr LLP) (*Pro Hac Vice* forthcoming)

---

[4] Whether Plaintiff properly triggered and complied with the 14 day prerequisite good faith effort to resolve any dispute prior to demanding arbitration is also contested.